Thomas J. OSTROWSKI and Phyllis Ostrowski,[1] Appellants–Plaintiffs,

v.

EVEREST HEALTHCARE INDIANA, INC., d/b/a Merrillville Dialysis Center, and Family Mobile Medical Services, Inc., Appellees–Defendants.

No. 45A03–1012–CT–645.

Court of Appeals of Indiana.

Oct. 31, 2011.

---

1. Phyllis Ostrowski is not participating in this appeal. However, pursuant to Indiana Appellate Rule 17(A), a party of record in the trial court is a party on appeal.

Michael W. Back, Joshua S. Malher, Attorney Michael W. Back, P.C., Crown Point, IN, Attorneys for Appellant.

Gregory J. Tonner, Ami Anderson Noren, Spangler, Jennings & Dougherty, P.C., Merrillville, IN, Attorneys for Appellee Everest Healthcare Indiana, Inc. d/b/a Merrillville Dialysis Center.

David C. Van Dyke, Katharine H. Hosty, Cassiday Schade LLP, Chicago, IL, Brandon J. Kroft, Cassiday Schade LLP, Chesterton, IN, Attorneys for Appellee Family Mobile Medical Services, Inc.

## OPINION

CRONE, Judge.

### Case Summary

As a man was reaching to open a door, an EMT exited through the door. The man's hand was injured. The man brought a negligence action against the lessee of the building and the EMT's employer. A jury found in favor of the defendants and against the man. The man appeals, presenting three arguments: (1)

the trial court erred in giving a final jury instruction on sudden emergency where there was insufficient evidence to support the instruction; (2) the trial court erred in permitting defendants' expert witnesses to testify where defendant failed to timely disclose his expert witnesses; and (3) the trial court erred in permitting a lay witness to testify as an expert witness. Having received very little of the trial transcript, we conclude that on the record before us, we cannot say that the trial court erred in giving the sudden emergency instruction or in permitting defendants' expert witnesses to testify. We further conclude that the lay witness did not improperly testify as an expert witness. Finding no error, we affirm.

## Facts and Procedural History

The facts that can be garnered from the record before us are sparse.[2] The parties do not dispute that on March 23, 2004, Thomas J. Ostrowski was entering the Merrillville Dialysis Center ("MDC"). To enter, he had to go through two doors, both of which could be operated either manually or automatically. Ostrowski opened the exterior doorway and entered the foyer. He then reached for the interior door's handle. The door did not have a window in it, but there was a window next to it. As he was about to grab the door handle, the door was pushed open from the inside by Eric Ivasieko, causing injury to Ostrowski's right hand. Ivasieko was an EMT employed by Family Mobile Medical Services, Inc., ("FMMS") who was going outside to retrieve equipment from an ambulance for a patient who was inside MDC.

On December 30, 2004, Ostrowski and his wife Phyllis filed a negligence action against MDC and FMMS (collectively referred to as "Appellees").[3] On August 2, 2010, a jury trial commenced. Appellees requested that the trial court give the jury a final instruction on sudden emergency, which the trial court granted over the Ostrowskis' objection. On August 11, 2010, the jury found that MDC and FMMS were not negligent and that the Ostrowskis were entitled to no relief. On August 19, 2010, the trial court entered final judgment consistent with the jury's verdict.

On September 13, 2010, the Ostrowskis filed a motion to correct error. Following a hearing, the trial court denied the motion on November 10, 2010. On December 6, 2010, Ostrowski filed his notice of appeal with the trial court. Appellees' Joint App. at 191.

## Discussion and Decision[4]

### I. Sudden Emergency Instruction

 Ostrowski argues that the trial court erred in giving the jury a final instruction on sudden emergency because

2. Ostrowski's counsel provides only fifty-six pages of trial transcript and no exhibits. Although Ostrowski's counsel includes excerpts from three depositions in the appellant's appendix, the record before us does not show that they were admitted into evidence. Appellant's App. at 71–92. The inclusion of extra-record deposition testimony in the appendix is improper. *See Leone v. Keesling*, 858 N.E.2d 1009, 1016–17 (Ind.Ct.App.2006) (granting Leone's motion to strike appellees' references to depositions in the appendix but not in trial record), *trans. denied* (2007).

3. Three other defendants were also named, and a subsequent lawsuit naming an additional seven defendants was consolidated with this suit. However, the trial court granted summary judgment in favor of five defendants and dismissed the plaintiffs' complaint with prejudice as to another five defendants, leaving only MDC and FMMS.

4. We remind the parties that the argument section in their briefs is to include citations when their contentions involve facts and evidence in the appendix or parts of the record on appeal. *See* Ind. Appellate Rule 46(A)(8)(a) ("The argument must contain the contentions of the appellant on the issues presented, supported by cogent reasoning. Each contention must be supported by citations to the authorities, statutes, and the Ap-

Appellees "did not satisfy the requisite factual and legal requirements to permit such an instruction." Appellant's Br. at 5.

Although the sudden emergency doctrine is often described as an affirmative defense, it does not act to excuse fault, but rather defines the conduct to be expected of a prudent person in an emergency situation. In particular, the doctrine of sudden emergency recognizes that a reasonable person innocently deprived of time to consider his actions does not always exercise the same accuracy of judgment as one who has had the opportunity for reflection. A trial court has a duty to instruct the jury regarding the sudden emergency doctrine *if* the evidence presented at trial supports the instruction. An instruction on sudden emergency is appropriate *only* when there is evidence of three factors. First, the actor must not have created or brought about the emergency through his own negligence. Second, the danger or peril confronting the actor must appear to be so imminent as to leave no time for deliberation. This, of course, includes the necessity of the actor perceiving the emergency. Third, the actor's apprehension of the peril must itself be reasonable.

*Collins v. Rambo,* 831 N.E.2d 241, 245–46 (Ind.Ct.App.2005) (footnote, citations, and quotation marks omitted).

Appellees contend that Ostrowski has waived his sudden emergency argument because he has not complied with Indiana Appellate Rule 9(F)(4), which reads in relevant part as follows:

The Notice of Appeal shall designate all portions of the Transcript necessary to present fairly and decide the issues on appeal. If the appellant intends to urge on appeal that a finding of fact or conclusion thereon is unsupported by the evidence or is contrary to the evidence, the Notice of Appeal shall request a Transcript of all the evidence.

We observe that "[a]ny party's failure to include any item in an Appendix shall not waive any issue or argument." Ind. Appellate Rule 49(B). However, our supreme court has noted that " '[a]lthough not fatal to the appeal, failure to include a transcript *works a waiver* of any specifications of *error which depend upon the evidence.*' " *In re Walker,* 665 N.E.2d 586, 588 (Ind.1996) (quoting *Campbell v. Criterion Grp.,* 605 N.E.2d 150, 160 (Ind.1992)) (emphases added).[5] *See also Kocher v. Getz,* 824 N.E.2d 671, 675 (Ind.2005) (where appellant challenged bond order but failed to provide transcript of relevant hearing, court concluded, "Upon this record, we cannot find that the trial court abused its discretion.").

Ostrowski's challenge to the sudden emergency instruction is based on his premise that the supporting evidence for the instruction was lacking. He has submitted a partial transcript, with fifty-six pages from the eight-day trial. The testimony within those pages is not relevant to the appropriateness of the sudden emergency instruction. His appendix does not contain the sudden emergency instruction given to the jury.[6] Thus, the record before us is insufficient to determine the

---

pendix or parts of the Record on Appeal relied on, in accordance with Rule 22.")

5. *But see Pabey v. Pastrick,* 816 N.E.2d 1138, 1141–42 (Ind.2004), and *Walker,* 665 N.E.2d at 588 (where appellants did not submit evidentiary transcript, our supreme court reviewed arguments presented because they did not involve any challenges to trial court's findings of fact.). *See also Fields v. Conforti,*

868 N.E.2d 507, 510–11 (Ind.Ct.App.2007) (where appellants did not submit transcript, court would review arguments that did not require examination of evidence).

6. Without citation to the record, Ostrowski provides a sudden emergency instruction in his appellant's brief that purports to be the one given to the jury. Appellant's Br. at 6. He also provides his "verbatim objection" to

propriety of giving the jury a final instruction on sudden emergency.[7] Accordingly, the issue is waived. *See Fields v. Conforti*, 868 N.E.2d 507, 511 (Ind.Ct.App.2007) ("any arguments that depend upon the evidence presented at the ... trial will be waived [in the absence of a transcript of the trial.]").

## II. Expert Witnesses

 Ostrowski contends that Appellees disclosed expert witnesses after the court-ordered date set for such disclosure, and therefore, the trial court erred in permitting the expert witnesses to testify, resulting in significant prejudice to his case. The trial court is afforded broad discretion when ruling on discovery issues, and we will reverse only where the trial court abuses that discretion. *Huber v. Montgomery Cnty. Sheriff*, 940 N.E.2d 1182, 1185–86 (Ind.Ct.App.2010). An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances of the case or if the trial court misinterprets the law. *Id.* at 1186.

In reviewing Ostrowski's argument, we are again faced with the paucity of the record before us. The record shows that on May 27 and 28, 2010, Appellees supplied their expert witness list with the required Indiana Trial Rule 26(B)(4)(a)(i) disclosures.[8] Ostrowski concedes that this was two days before the discovery deadline. Appellant's Br. at 15. This occurred more than two months before trial was scheduled to begin. Approximately six weeks before trial, on June 23, 2010, the trial court held a hearing on various pretrial matters, during which Ostrowski objected to Appellees' expert witnesses on the basis of untimely disclosure. The trial court informed the parties that it would withhold judgment on the matter until trial. Before trial, Ostrowski took depositions of Appellees' experts. *Id.* On the second day of trial, the trial court ruled that Appellees' expert witnesses would be permitted to testify.

Ostrowski claims that he was seriously prejudiced by the trial court's last-minute decision to permit Appellees' expert witnesses to testify. However, the transcript before us does not contain the testimony of Appellees' expert witnesses. In fact, Ostrowski neither identifies the expert witnesses to which he objected nor indicates the substance of their testimony. *Id.* at 12–15. We note that Appellees supplied their expert witness list to Ostrowski before the discovery deadline and that Ostrowski was able to take depositions of the expert witnesses.[9] Based on the record

the instruction citing pages 47–48 of the transcript, but his objection cannot be found there. *Id.* at 6–7.

**7.** To reiterate, the record before us does not show that the depositions in Ostrowski's appendix were admitted into evidence. As such, we cannot conclude that they were before the jury and will not consider them. *See Soloman v. Blue Chip Casino, Inc.*, 772 N.E.2d 515, 519 (Ind.Ct.App.2002) ("After reviewing the trial court's chronological case summary, the parties' appendices, and the parties' briefs, we see no indication that the deposition was made part of the record below. Accordingly, we cannot consider the deposition in making our determination."), *trans. denied* (2003); *In re D.L.M.*, 725 N.E.2d 981, 983 n.

4 (Ind.Ct.App.2000) (noting "the well-established rule of appellate procedure that our court may not consider evidence outside the record" and declining to consider contact log report that was included in appendix but was not part of record).

**8.** Indiana Trial Rule 26(B)(4)(a)(i) provides, "A party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion."

**9.** On January 14, 2008, the trial court issued an order requiring Ostrowski to "disclose the

before us, we cannot say that the trial court's decision to allow Appellees' expert witnesses to testify was an abuse of discretion.

### III. Lay Witness Testimony

■ Ostrowski contends that the "trial court abused its discretion in allowing a lay witness [Joe Ringelsten] to testify as to his opinions on specific facts of the case without personal knowledge, where he had not been qualified as an expert." *Id.* at 15–16. MDC argues that the trial court properly permitted Ringelsten to testify as a skilled lay witness.[10]

The decision to admit or exclude evidence is within the sound discretion of the trial court and will only be reversed upon a manifest abuse of that discretion. An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before the court. We will not reverse the trial court's admission of evidence absent a showing of prejudice.

*Gary Cmty. Sch. Corp. v. Boyd,* 890 N.E.2d 794, 798 (Ind.Ct.App.2008) (citations omitted), *trans. denied.*

Lay opinion testimony is governed by Indiana Evidence Rule 701, which provides,

If the witness is not testifying as an expert, the witness's testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness's testimony or the determination of a fact in issue.

Expert testimony is governed by Indiana Evidence Rule 702(a), which reads,

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

name of any Expert Witnesses and Trial Rule 26(B)(4)(a)(i) information to [Appellees] by January 4, 2010. [Appellees] are to disclose the name of any Expert Witnesses and Trial Rule 26(B)(4)(a)(i) information to [Ostrowski] thirty (30) days thereafter." Appellant's App. at 93. Ostrowski argues that Appellees failed to disclose their expert witnesses within thirty days of his disclosure on January 25, 2010. *Id.* at 94. We observe that Ostrowski himself failed to meet the deadline required by the trial court's order. In addition, Ostrowski contends that his January 25, 2010, disclosure included the information required by Trial Rule 26(B)(4)(a)(i). However, our review of his disclosure reveals nothing that purports to be or that can be considered Trial Rule 26(B)(4)(a)(i) information. *Id.* at 105, 109–19. Ostrowski did not attempt to supply Trial Rule 26(B)(4)(a)(i) disclosures until March 19, 2010, in his response to MDC's request for interrogatories. Appellees' Joint App. at 124–38. The trial court found those disclosures inadequate in its June 24, 2010 order. Appellant's App. at 152.

10. MDC argues that Ostrowski has waived this issue because he "failed to include this issue in his original Notice of Appeal" and his amended notice of appeal was not properly and timely filed in accordance with Indiana Appellate Rule 9(F). MDC's Appellee's Br. at 10. Indiana Appellate Rule 9(F) does not require an appellant to indicate the issues he will raise on appeal. *See* Ind. Appellate Rule 9(F) (requiring that notice of appeal include designation of appealed order or judgment, designation of court to which appeal is taken, direction for assembly of clerk's record, and a request for transcript). MDC does not allege that Ostrowski's initial notice of appeal was untimely or defective in any way. In addition, Indiana Appellate Rule 9(G) provides, "Any party to the appeal may file with the trial court clerk ..., *without leave of court,* a request with the court reporter ... for additional portions of the Transcript." We decline to find that Ostrowski has waived this issue.

One important difference between these rules is that Evidence Rule 701 requires that the opinion testimony be based on the perception of the witness, while Rule 702 does not. *See* Ind. Evidence Rule 703 (explaining that expert opinion testimony under Rule 702 may be based on facts or data "perceived by or made known to the expert at or before the hearing"). Therefore, a lay witness may not base an opinion on information received from others or on a hypothetical question.

Indiana Evidence Rule 701 encompasses what this court has termed "skilled witness" testimony:

> [T]he testimony of an observer, skilled in an art or possessing knowledge beyond the ken of the average juror may be nothing more than a report of what the witness observed, and therefore, admissible as lay testimony. This type of evidence is not a matter of scientific principles governed by Evid. R. 702(b); rather, it is a matter of the observations of persons with specialized knowledge.

> Such witnesses possessing specialized knowledge are often called skilled witnesses or skilled lay observers. A skilled witness is a person with a degree of knowledge short of that sufficient to be declared an expert under Ind. Evid. R. 702, but somewhat beyond that possessed by the ordinary jurors. Skilled witnesses not only can testify about their observations, they can also testify to opinions or inferences that are based solely on facts within their own personal knowledge.

*Linton v. Davis*, 887 N.E.2d 960, 975 (Ind. Ct.App.2008) (citations and quotation marks omitted), *trans. denied.* "Under Indiana Evidence Rule 701, a skilled witness may provide an opinion or inference

that is '(a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness's testimony or the determination of a fact in issue.'" *Kubsch v. State*, 784 N.E.2d 905, 922 (Ind.2003) (quoting Ind. Evidence Rule 701).

Ostrowski asserts that Ringelsten's testimony was not based on his own perception but was based on hypothetical questions, inferences, and conjecture. We disagree. Ringelsten testified that he has worked for Great Lakes Automatic Door for fifteen years. Tr. at 98. He is a Service Technician certified by the American Association of Automatic Doors Manufacturers. *Id.* at 99. He services automatic doors, handicap full speed doors, and pedestrian doors. *Id.* at 98. Ringelsten has serviced the door in issue on multiple occasions. *Id.* at 102. In fact, he had serviced it on the morning of March 23, 2004, just hours before Ostrowski was injured. *Id.* at 123–24.

Ostrowski contends that Ringelsten was asked a variety of hypothetical questions: to explain in general terms how the automatic door at MDC operates; whether the door's automatic feature operated at a slow speed; and whether the speed of the door when manually opened could exceed the speed of the automatic door feature. *Id.* at 105, 115. Given Ringelsten's firsthand knowledge regarding automatic doors in general and MDC's door in particular, none of these questions required Ringelsten to base his answers on anything other than his own perceptions.[11] We conclude that the trial court did not abuse its discretion in permitting Ringelsten to testify as a skilled witness on these matters.

---

11. Ostrowski also directs our attention to pages 128–29 of the trial transcript. Our review of the transcript shows that Ostrowski's counsel objected to certain questions posed to Ringelsten and that either opposing counsel did not pursue the question or the trial court sustained the objection.

Based on the foregoing, we affirm the verdict in favor of MDC and FMMS and against Ostrowski.

Affirmed.

BAILEY, J., and MATHIAS, J., concur.