## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 03 2015, 8:24 am

CLERK
of the supreme court,
court of appeals and
tax court

---

APPELLANT PRO SE

Vinod C. Gupta
Boca Raton, Florida

ATTORNEY FOR APPELLEE

Andrew M. Auersch
O'Connor & Auersch
Indianapolis, Indiana

---

IN THE
# COURT OF APPEALS OF INDIANA

---

Vinod C. Gupta,

*Appellant-Petitioner,*

v.

Green Tree Servicing LLC,
f/k/a Conseco Finance Servicing
Corp.,

*Appellee-Intervenor.*

September 3, 2015

Court of Appeals Case No.
84A01-1412-MI-543

Appeal from the Vigo Superior
Court

The Honorable Michael J. Lewis,
Judge

Trial Court Cause No.
84D06-1208-MI-7316

---

**Kirsch, Judge.**

[1] Vinod C. Gupta ("Gupta") appeals the trial court's order setting aside the tax deed and voiding the tax sale of certain property he purchased for failure to provide proper service to the mortgage holder, Green Tree Servicing LLC

("Green Tree"), f/k/a Conseco Finance Servicing, Corp. Gupta raises the following restated issue for our review: whether the trial court abused its discretion by excluding Gupta's witness testimony at the hearing on Green Tree's motion to void the tax sale.

We reverse and remand.

## Facts and Procedural History

On March 30, 2000, as security for a loan in the amount of $65,387.30, Michael and Beverly Cooper granted to Green Tree a mortgage lien on certain real property and the mobile home located thereon in Vigo County, Indiana. Green Tree's mortgage on the property was recorded on April 7, 2000 in the Mortgage Record of the Vigo County Recorder. The address for Green Tree, then known as Conseco Finance Servicing Corp., is listed on the mortgage as "11595 N. Meridian Street, Suite 310, Carmel, IN 46032." *Appellee's App*. at 6. Green Tree had fully moved from that Carmel address by October 31, 2010.

Gupta purchased the property at a tax sale on September 12, 2012. On February 18, 2014, while investigating for a possible foreclosure action, Green Tree discovered that the property had been sold to Gupta at the September 2102 tax sale, but could find no record of notice of the sale. In response to an inquiry by Green Tree about the notice of sale, Gupta produced copies of certified mail notices required under Indiana Code sections 6-1.1-24-4.5 and 6-1.1-24-4.6. However, by looking to the Postal Service records, Green Tree discovered that both notices had been sent to the vacated Carmel address. The notice under

Indiana Code section 6-1.1-24-4.5 was returned to Gupta marked as "Undeliverable as Addressed," and the notice under Indiana Code section 6-1.1-24-4.6 was returned to Gupta marked as "Addressee Unknown." *Appellee's App*. at 18-23.

[5] On June 4, 2014, Green Tree filed a motion to intervene and void the tax sale in Vigo Superior Court under the tax sale cause number and attached as exhibits Gupta's tax sale notices, the USPS tracking confirmation reports, the certified mail receipts, and an affidavit by Green Tree. The trial court granted Green Tree's motion to intervene on June 5, 2014 and set the motion for a hearing. Gupta did not respond to Green Tree's motion, but did request two continuances of the hearing date.

[6] A hearing on Green Tree's motion was held on September 22, 2014. At the hearing, Green Tree argued that the tax sale should be voided based on the failed notice by Gupta, shown by the undelivered notices returned to Gupta. Gupta admitted that he sent those notices, but asserted he also mailed the notices by regular mail and posted notice on the door of the residence. *Tr*. at 7-8. Gupta further requested to present witness testimony to support his contention that he had taken additional steps to notify Green Tree of the tax sale. Green Tree objected to allowing Gupta to present witness testimony, and the trial court ruled that Gupta could not present any witnesses at the hearing. Gupta continued to testify and summarize the steps he took in addition to the certified notices sent to the Carmel address. He added that, "I have the witness, but since the Court is not allowing the witness, . . . that's probably [a] moot

point. . . .[W]e can also say that this is what we did, we even called Green Tree and . . . somebody told them the taxes were not paid." *Id*. at 10. At the conclusion of the hearing, the trial court issued an order voiding the tax sale. Gupta now appeals.

## Discussion and Decision

The decision to admit or exclude evidence is within the sound discretion of the trial court and will only be reversed upon a manifest abuse of that discretion. *Ostrowski v. Everest Healthcare Ind., Inc.*, 956 N.E.2d 1144, 1149 (Ind. Ct. App. 2011). An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before the court. *Id*.

Gupta argues that the trial court abused its discretion in excluding his witness testimony at the hearing on Green Tree's motion to void the tax sale. He urges that he should have been allowed to present any pertinent evidence regarding what additional steps he took to ascertain Green Tree's address. Gupta contends that the hearing was held on Green Tree's Trial Rule 60(B) motion, which made it an evidentiary hearing, and he, therefore, should have been given the opportunity to present all pertinent evidence, including his witness testimony.

Initially, Green Tree asserts that Gupta has waived his argument on appeal because he failed to make an offer of proof to the trial court. It is well settled that an offer of proof is required to preserve an error in the exclusion of a witness's testimony. *Barnett v. State*, 916 N.E.2d 280, 287 (Ind. Ct. App. 2009),

*trans. denied*. An offer of proof allows the trial and appellate courts to determine the admissibility of the testimony and the potential for prejudice if it is excluded. *Id.*

[10] Here, at the hearing, Gupta stated, "we also prove to the Court and I have a witness, live witness, here that we did additional steps. A reasonable (inaudible) to inform Green Tree." *Tr.* at 8. Gupta additionally stated, "I would like to call some witnesses and prove that I did additional steps besides sending the notices certified mail." *Id*. He further informed the court, "I have the witness, but since the Court is not allowing the witness, . . . that's probably [a] moot point. . . .[W]e can also say that this is what we did, we even called Green Tree and . . . somebody told them the taxes were not paid." *Id*. at 10. We conclude that this was sufficient to make an offer of proof as to what the excluded witness would testify, which was the additional steps taken by Gupta to notify Green Tree. This offer of proof was sufficient to preserve this issue for appeal.

[11] Finding that Gupta did not waive his issue for appeal, we now turn to the merits of the case. Gupta claims that it was an abuse of discretion to exclude his witness's testimony from the hearing as to whether to void the tax sale. Indiana courts have held that if the notice of a tax sale sent by the auditor to the landowner pursuant to statute has been returned due to an incorrect or insufficient address, due process requires that the auditor take additional steps to attempt to determine the landowner's proper address. *Farmers Mut. Ins. Co. of Grant & Blackford Counties v. M Jewell, LLC*, 992 N.E.2d 751, 757 (Ind. Ct. App.

2013), *trans. denied*. Such due process requirements apply to a tax sale purchaser as well. *Iemma v. JP Morgan Chase Bank, N.A.*, 992 N.E.2d 732, 740 (Ind. Ct. App. 2013). The notice "must be 'reasonably calculated under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id*.

[12] Therefore, Gupta was required to present evidence that he had taken additional steps to ascertain Green Tree's proper address and that he provided sufficient notice to Green Tree. Green Tree's motion to void the tax sale was filed pursuant to Trial Rule 60(B)(6). Trial Rule 60(D) states, "In passing upon a motion allowed by subdivision (B) of this rule the court shall hear any pertinent evidence . . . ." Gupta sought to admit testimony from a witness regarding the additional steps he took to notify Green Tree of the tax sale. We conclude that such evidence was pertinent to the issue before the trial court, and the trial court abused its discretion in excluding such evidence. We, therefore, reverse the trial court's order voiding the tax sale and remand for further proceedings.

[13] Reversed and remanded.

Najam, J., and Barnes, J., concur.