### Allen J. DAUGHERTY and Ruth E. Daugherty, Appellants–Petitioners,

v.

### Deanna RITTER, Appellee–Respondent.

#### No. 27S02–9505–CV–577.

Supreme Court of Indiana.

July 6, 1995.

David Glickfield, Jr., Glickfield, Glickfield & Glickfield, Marion, for appellants.

P. Robert Dawalt, Jr., Marion, for appellee.

DICKSON, Justice.

In this case, the Court of Appeals affirmed a trial court judgment denying a child visitation petition filed by the child's maternal grandparents. *Daugherty v. Ritter* (1995), Ind.App., 646 N.E.2d 66. In their petition to transfer, the grandparents contend that the Court of Appeals decision conflicts with the rationale of *Moses v. Cober* (1994), Ind.App., 641 N.E.2d 668 (construing Indiana Code Section 31–1–11.7–3).

In *Moses,* the Court of Appeals reversed a trial court's denial of grandparent visitation rights. The majority determined that the trial court erroneously focused upon the conflict in the relationship between the child's mother and grandmother, rather than on the relationship between the grandmother and granddaughter. *Moses,* 641 N.E.2d at 672. Judge Chezem dissented, arguing that, instead of being primarily based upon the grandparent-grandchild relationship, the "trial court's focus should be on providing the most supportive environment for the child," which could include consideration of the conflict between the child's mother and grandmother. *Moses,* 641 N.E.2d at 672 (Chezem, J., dissenting).

In the present case, the Court of Appeals noted the *Moses* emphasis on the relationship between grandparent and grandchild but concluded:

> That focus, however, is the starting point, not the ending one, in the trial court's best interest analysis. The ultimate question is whether visitation in the face of family discord is in the child's best interest. That question can only be answered by looking at the totality of the circumstances presented.

*Daugherty,* 646 N.E.2d at 68.

Because the Court of Appeals decisions in *Daugherty* and *Moses* are not entirely consistent, we now grant transfer and expressly adopt and incorporate by reference the opinion of the Court of Appeals in *Daugherty,*

646 N.E.2d 66. *See* Ind. Appellate Rule 11(B)(3).

SHEPARD, C.J., and DeBRULER, SULLIVAN, and SELBY, JJ., concur.