In re the Visitation of Herschel WALK-
ER and Laverne Walker with Jamie
Lynn West, a minor child.

Herschel WALKER and Laverne Walker,
Appellants (Petitioners Below),

v.

Lynn WEST, Appellee (Respondent
Below).

No. 64S03–9602–CV–178.

Supreme Court of Indiana.

May 28, 1996.

Hugo E. Martz, Peter L. Boyles, Hugo E. Martz, P.C., Valparaiso, for Appellants.

Gordon A. Etzler, Hoeppner, Wagner & Evans, Valparaiso, for Appellee.

ON PETITION TO TRANSFER

DICKSON, Justice.

This case is before us on a Petition to Transfer[1] from an order issued by the Court of Appeals dismissing an appeal of the trial court's denial of a Petition for Grandparent Visitation Rights.

The appellants, Herschel Walker and La-Verne Walker (the Walkers) are the paternal grandparents of Jamie Lynn West (Jamie). Jamie's mother, Lynn West, was married to John Walker and, following the dissolution of their marriage in 1989, was granted custody of Jamie. Lynn married Kendal West in 1991, and John Walker's parental rights were terminated in late 1992 in connection with proceedings resulting in Kendal's adoption of Jamie. The Walkers promptly thereafter filed a Petition for Court Ordered Grandparent Visitation pursuant to Indiana Code § 31–1–11.7–3, which provides:

> (a) Visitation rights may be granted when the court determines that it is in the best interests of the child.
>
> (b) In determining the best interests of the child under this section, the court may consider whether a grandparent has had, or has attempted to have, meaningful contact with the child.

Ind.Code § 31–1–11.7–3. Following the appointment of a guardian ad-litem, pre-hearing discovery, the Walkers' motion for findings, and an evidentiary hearing, the trial court entered judgment denying the petition for visitation. In commencing their appeal, the Walkers filed a praecipe directing that the Record of Proceedings contain the various proposed findings of fact filed on behalf of the Walkers, the Wests, and the guardian ad litem, and the findings, conclusions, order and judgment issued by the trial court. The Record was prepared and filed accordingly.

Jamie's mother and the court-appointed guardian ad-litem each filed a Motion to Dismiss the appeal because the appellants failed to include in the Record of Proceedings a transcript of the evidence. *See* Ind.Appellate Rule 7.2(A)(3). The appellees did not exercise their right to request "the transmission of some or all [of] the other parts of the record." *See* Ind.Appellate Rule 7.2(B). The Court of Appeals dismissed the appeal, and the grandparents thereafter filed a Motion to Reinstate, with a supporting memorandum acknowledging the duty of an appellant to present an adequate record for review but arguing that they had complied with Appellate Rule 7.2(B), which requires the exclusion of unnecessary documents from the record on appeal. The grandparents argued that the transcript of evidence was not needed to address the appellate claim presented, asserting that they accepted the findings of fact made by the trial court and were argu-

---

1. Because this case involves the care of children, the Petition to Transfer in this case has been given expedited consideration in accordance with this Court's new policy. *See* Chief Justice Randall T. Shepard, State of the Judiciary Address to Indiana General Assembly (Jan. 17, 1996).

**588**

ing only that the trial court erred as a matter of law in ruling against them. The grandparents' claim on appeal is that the trial court impermissibly focused on their relationship with Jamie's mother, rather than on their relationship with Jamie. The Court of Appeals denied reinstatement, and the grandparents seek transfer.

The Walkers continue to urge that, because there is no challenge to the trial court's findings of fact, the appellate review entails determining only whether the findings support the judgment and whether the conclusions of law and the judgment are clearly erroneous based upon the findings.

> When the trial court enters special findings of fact and conclusions of law pursuant to a motion by a party, this court employs a two-tiered standard of review: First, we must determine whether the findings support the judgment. The second inquiry is whether the conclusions of law and [the] judgment are clearly erroneous based on the facts as found by the trial court. However, where, as here, neither party challenges the court's findings, the parties are bound by the findings of fact as being fully and correctly found by the trial court. Thus, our review is limited to the second inquiry, i.e., whether the conclusions of law and judgment are clearly erroneous.

*American Cyanamid Co. v. Stephen,* 623 N.E.2d 1065, 1070 (Ind.Ct.App.1993) (citations omitted).

■ We grant transfer to encourage litigants and reviewing courts to employ efficient appeal procedures. This Court has recently visited this issue:

> Generally, a transcript of the evidence and proceedings at trial must be included in the record for it to be deemed sufficient. Although not fatal to the appeal, failure to include a transcript works a waiver of any specifications of error which depend upon the evidence.
>
> Our experience tends to confirm ... that the expense of preparing transcriptions often runs in the hundreds or thousands of dollars....

*Campbell v. Criterion Group,* 605 N.E.2d 150, 160 (Ind.1992) (citations omitted). Appellate Rule 7.2(B) directs that "[n]either party shall request parts of the record or a transcript of the proceedings which are not needed for the issues to be asserted on appeal." App.R. 7.2(B). As noted by the Court of Appeals in *Jackson v. State,* 643 N.E.2d 905, 906 (Ind.Ct.App.1994), *denial of habeas corpus aff'd sub. nom. Jackson v. Duckworth,* 79 F.3d 1150 (7th Cir.1996), the rules require an appellant to transmit "only those parts of the record that are necessary for review of the issues to be asserted upon appeal." *Id.*

■ To encourage litigants to utilize and reviewing courts to permit the utilization of procedures that minimize expense and administrative burdens for the parties and the court system, we grant transfer and address the issues presented by the grandparents' appeal from the trial court judgment.[2]

■ In their appeal, the grandparents contend that the trial court erred in basing its determination of the child's best interests upon their relationship with Jamie's mother, rather than upon their relationship with Jamie, and in failing to give proper consideration to its own finding that Jamie's mother was responsible for the loss of their grandparent-grandchild relationship with Jamie. The grandparents place substantial reliance upon *Moses v. Cober,* 641 N.E.2d 668 (Ind.Ct. App.1994), which held that the determination of a child's best interests in a grandparent visitation case must be based upon the relationship between the grandparents and the grandchild, not that between the grandparents and the custodial parent. *Moses,* 641 N.E.2d at 672. This view, however, was expressly rejected in *Daugherty v. Ritter,* 646 N.E.2d 66 (Ind.Ct.App.1995), which was approved and adopted by this Court in *Daugherty v. Ritter,* 652 N.E.2d 502 (Ind. 1995).

---

**2.** It is clear, however, that the dismissal of an appeal is proper where an appellant fails to file a record demonstrating any of the errors alleged in the appeal. Although permitted to do so, a reviewing court is not required to order the transmission of omitted parts of the record. App.R. 7.2(B).

Confronted with the diverging *Moses* and *Daugherty* Court of Appeals opinions concerning the denial of grandparent visitation rights, this Court quoted from the Court of Appeals opinion in *Daugherty*, expressly noting that a focus on the relationship between grandparent and grandchild "is the starting point, not the ending one, in the trial court's best interest analysis. The ultimate question is whether visitation in the face of family discord is in the child's best interest. That question can only be answered by looking at the totality of the circumstances presented." *Daugherty*, 652 N.E.2d at 503 (quoting *Daugherty*, 646 N.E.2d at 68).

In its fifty-six findings of fact, the trial court noted the existence of the grandparents' pleasant home in Savannah, Georgia; their many positive personal attributes; the history of their relationship with Jamie's mother and Jamie; their numerous unsuccessful attempts to communicate with and give gifts to Jamie; their having had no contact for the past six years with Jamie, age seven and a half at the time of the hearing, due in large part to the conduct of Jamie's mother; the major, recent changes in Jamie's life, including her mother's marriage to Kendal West and his adoption of Jamie; the birth of a baby sister; Jamie's good relationship with her adoptive grandparents; Jamie's academic and social performance at school; the risk that visitation by Jamie to the Walkers' home in Georgia could result in contact between Jamie and her natural father, John Walker, whose parental rights had been terminated; and the recommendation of the guardian ad-litem against the requested grandparent visitation.

Among its fifteen conclusions of law, the trial court noted that "the Grandparent's Visitation Act accepts the position that [in stepparent adoptions], certain biological ties are worthy of recognition, respect, and preservation," and that "grandparental influence upon a grandchild through visitation rights can be a precious component of successful child rearing." Record at 38. The trial court also observed the absence of any meaningful contact between Jamie and her grandparents since she was an infant and noted that the grandparents' attempts to have such a rela-

tionship "were not substantial under the circumstances." *Id.* The court concluded that a meaningful relationship between Jamie and the Walkers would require extensive counseling, initially traumatic to Jamie; that it would need the complete support and encouragement of her mother, which "will never be voluntarily given"; and that, in the event Jamie should visit the Walkers in Georgia, "contact with John Walker would occur." Record at 38. The trial court determined that "in light of all of the rather unique circumstances of this case it is found that visitation between Jamie Lynn and the Walkers would not be in the child's best interests. The Walkers' petition should be denied." Record at 38.

The grandparents contend that, accepting the findings of fact, we should find that the trial court erred as a matter of law. We disagree. Applying the standard established in *Daugherty*, we find that the trial court's judgment is supported by its findings of fact.

Transfer is granted, the cause is reinstated for consideration of the appeal, and the judgment of the trial court is affirmed.

SHEPARD, C.J., and DeBRULER, SULLIVAN and SELBY, JJ., concur.