**FOR PUBLICATION**




FILED
Sep 18 2013, 5:33 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JAMES B. GLENNON**
**GEORGE D. PILJA**
*Foran Glennon Palandech Ponzi*
*& Rudloff, PC*
Chicago, Illinois

ATTORNEY FOR APPELLEE:

**ROBERT R. FOOS, JR.**
*Lewis Wagner, LLP*
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| LIFELINE YOUTH & FAMILY SERVICES, INC., | ) | |
| | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 02A03-1211-CT-502 |
| | ) | |
| INSTALLED BUILDING PRODUCTS, INC., | ) | |
| d/b/a Momper Insulation, | ) | |
| | ) | |
| Appellee-Defendant. | ) | |

APPEAL FROM THE ALLEN CIRCUIT COURT
The Honorable Thomas J. Felts, Judge
Cause No. 02C01-0906-CT-32

**September 18, 2013**

**OPINION – FOR PUBLICATION**

**PYLE, Judge**

## STATEMENT OF THE CASE

Lifeline Youth & Family Services ("Lifeline") appeals the trial court's denial of its motion to correct error following a jury verdict and award of damages entered in favor of Lifeline and against Installed Building Products, Inc. d/b/a Momper Insulation ("Momper").

We affirm.

## ISSUE

Whether the trial court erred by denying Lifeline's motion to correct error that requested the trial court to increase the amount of the jury's award of damages that was entered in favor of Lifeline.

## FACTS[1]

In January 2008, Momper installed insulation in the attic of a building owned by Lifeline. A fire occurred in the attic, causing damage to Lifeline's building.

On June 19, 2009, Lifeline filed a three-count complaint for damages against Momper, raising claims of: (1) negligence; (2) breach of implied warranty; and (3) breach of contract. In regard to the negligence claim, Lifeline alleged that Momper had acted negligently when it dropped a portable light fixture onto the attic floor; installed insulation over the light fixture; and failed to inspect the attic after installation of the insulation. For the breach of implied warranty claim, Lifeline alleged that Momper had installed the insulation in an unsafe manner and that it was not fit for its intended purpose. Finally, Lifeline alleged that Momper had breached its contract with Lifeline by

---

[1] The underlying facts of this case are somewhat limited because Lifeline did not request a copy of the transcript from the jury trial. Instead, we have had to glean the facts from the limited information included in Lifeline's Appendix, including the trial court's final jury instructions and the verdict form returned by the jury.

2

failing to perform the work as set forth in Momper's invoice.[2] More specifically, Lifeline alleged that Momper had "improperly installed the R-19 (4 inches) blown wood fiber in the ceiling of the building." (App. 58).

A jury trial was held August 21 through August 23, 2012. Lifeline proceeded on the three claims in its complaint, and the trial court instructed the jury as to the elements necessary before damages could be awarded for those claims. The parties stipulated to the amount of damages sustained, which was set forth in one of the final jury instructions:

> The parties in this case have agreed that certain facts are true. You must accept these facts as true:
>
> Although [Momper] denies that it is liable to [Lifeline] for any damages sustained by [Lifeline] as a result of the fire that is the subject of this litigation, the parties hereby stipulate and agree to the following:
>
> 1. The cost to repair is the proper measure of the damages sustained to [Lifeline's] building as a result of the subject fire;
>
> 2. The cost to repair the damages sustained to [Lifeline's] building as a result of the fire included $280,263.00, exclusive of any interest;
>
> 3. The repairs to [Lifeline's] building were preformed [sic] as described in the invoices produced by [Lifeline] to [Momper];
>
> 4. The repairs performed on [Lifeline's] building were reasonable and necessary to return the building to its pre-fire condition; and

---

[2] Momper's invoice, which was attached to Lifeline's complaint, provided that Momper had performed the following work:

> INSTALL R-19 (4 INCHES) BLOWN WOOD FIBER IN THE CEILING OF THE BUILDING[.] WRAP ALL RECESS CAN LIGHTS, FIREPLACE, AND WATER HEATER FLUES WITH UNFACED FIBERGLASS BATTS. INSTALL CARDBOARD AROUND SIDES OF LID AND R-38 FIBERGLASS OVER SCUTTLE COVER AS NEEDED. STAPLE FACT CARD NEAR ATTIC OPENING.

(App. 59).

3

> 5. Lifeline paid $280,263.00 to contractors and vendors to perform these repairs.

(App. 37).

The trial court instructed the jury regarding the apportionment of fault for comparative fault and instructed the jury that consideration of Lifeline's fault was an issue as to Lifeline's negligence claim. The trial court also instructed the jury—in two separate instructions—that it "must not consider comparative fault when considering whether to award damages for [Lifeline] for its breach of contract claim." (App. 47).[3] Instead, the trial court provided specific instructions regarding damages for the breach of contract claim. The trial court instructed the jury that "[t]o recover damages . . . for breach of contract," Lifeline was required to prove that: (1) the parties entered into a contract; (2) Momper had breached its contract with Lifeline; (3) Momper's breach damaged Lifeline; (4) the parties "reasonably anticipated that those damages could/might occur when they entered into the contract;" and (5) Momper's breach was a "responsible cause of those damages." (App. 44). The trial court also informed the jury that "[i]n a claim for breach of contract, a party may recover only those damages that are the natural and proximate consequence of the breach, and those reasonably anticipated by the parties when they entered into the contract." (App. 50). Additionally, the trial court provided the jury with a verdict form that provided a space for the jury to assess fault to each party.

---

[3] The other jury instruction provided: "You must not consider comparative fault in deciding whether [Momper] breached its contract with [Lifeline]." (App. 45).

The verdict form also contained a space for the jury to indicate, by placing a check mark, whether or not Momper had breached its contract with Lifeline.[4]

The jury returned a verdict in favor of Lifeline and against Momper and awarded damages in the amount of $154,144.65. Specifically, the jury determined that Lifeline was forty-five percent at fault and that Momper was fifty-five percent at fault. The jury also determined, as indicated by its check mark on the verdict form, that Momper breached its contract with Lifeline. The two-page jury verdict form, which is at issue in this appeal, appears as follows:

STATE OF INDIANA )
) SS: IN THE ALLEN CIRCUIT COURT
COUNTY OF ALLEN )
)
LIFELINE YOUTH & FAMILY )
SERVICES )
    Plaintiffs, )
)
VS. ) CAUSE NO. 02C01-0906-CT-32
)
INSTALLED BUILDING )
PRODUCTS d/b/a MOMPER )
INSULATION )

**VERDICT FORM A**
**VERDICT FOR PLAINTIFF**
We, the Jury, find for the Plaintiff, Lifeline, and we assess the percentages of fault as follows:

Plaintiff, Lifeline          _45_ %
Defendant, Momper          _55_ %
Total          100 %

Defendant did _✓_ Defendant did not ____ breach its contract with Plaintiff.

We further find that the total amount of damages which the Plaintiff, Lifeline, is entitled to recover, disregarding fault, is the sum of $_____. (Enter this amount below as Total Damages).

$ 154,144.65

_____

[4] Lifeline indicates that it requested the trial court to insert this breach of contract language into the comparative fault verdict form so that the jury could have a place for the jury to "memorialize" its decision on Lifeline's breach of contract claim. (Lifeline's Br. 4). Because Lifeline did not request the jury trial transcript, we cannot verify the origination of the language in the verdict form or whether there was any objection to the same.

We, the Jury, now find for the Plaintiff, Lifeline, and against the Defendant,

Momper, in the sum of:

Total Damages .  $280,263.00

Defendant's percentage of fault  x  55 %

Plaintiff's Verdict Amount  =  $154,144.65

8-23-2012
Date

Eric D. Gunckel
Foreperson  *Eric D. Gunckel*

Verdict of the Jury is read in open court. Judgment is ordered thereon this 23 day of Aug , 2012.

JOHN D. KITCH, HEARING OFFICER
ALLEN CIRCUIT COURT

Approved:  Thomas J. Felts K.L.W.

(App. 22-23).  The trial court entered judgment on the jury's verdict.

Lifeline then filed a motion to correct error, claiming that the jury had erred in its calculation of damages.  Lifeline did not include a copy of its motion to correct error in its Appellant's Appendix but asserts in its appellate brief that it filed its motion under Trial Rule 52(A)(2), which is a claim that a jury verdict is "inadequate."  During the hearing on Lifeline's motion, Lifeline argued that the jury erroneously applied comparative fault to its calculation of damages on its breach of contract claim.  Lifeline argued that it did not want to disturb the jury's general verdict in its favor but stated that it sought to have the trial court "correct an error that the jury made in which damages [it was] awarding for the breach of contract claim."  (Tr. 6).  Lifeline requested the trial court to award Lifeline damages in the amount of $280,263.00, which it argued would be consistent with the jury's finding that Momper had breached the contract.  Momper

6

argued that the jury's finding that Momper breached the contract did not equate to a determination that the jury intended to award damages on the breach of contract claim. Momper argued that the jury's damages verdict was consistent with the jury's verdict regarding negligence and its determination of comparative fault, which Lifeline did not challenge. The trial court denied Lifeline's motion to correct error. Lifeline now appeals.

<u>DECISION</u>

Lifeline challenges the amount of the damages the jury awarded to Lifeline and argues that the trial court abused its discretion by denying its motion to correct error. Specifically, Lifeline contends that the jury's verdict awarding Lifeline damages totaling $154,144.65 was improper because it claims that the jury erroneously applied comparative fault to Lifeline's breach of contract claim. To support its argument, Lifeline points to check-marked space—which was inserted on the jury comparative fault verdict form—indicating that the jury had determined that Momper had breached its contract with Lifeline. Lifeline reasons that because the jury determined that Momper had breached the contract, then the jury must have also determined that Lifeline was entitled to recover damages from that breach of contract. Thus, Lifeline argues that the jury's damages verdict should be increased and that it is entitled to the stipulated damages amount of $280,263.00 for the jury's determination that Momper had breached its contract with Lifeline.[5]

---

[5] Lifeline, however, does not challenge the jury's comparative fault allocation of forty-five percent to Lifeline or the amount of damages as it relates to its negligence claim. Additionally, Lifeline does not

7

On appeal, we review a trial court's ruling on a motion to correct error for an abuse of discretion. *Paragon Family Restaurant v. Bartolini*, 799 N.E.2d 1048, 1055 (Ind. 2003). We will reverse a trial court's ruling on a motion to correct error "only where the trial court's judgment is clearly against the logic and effect of the facts and circumstances before it or where the trial court errs on a matter of law." *Perkinson v. Perkinson*, 989 N.E.2d 758, 761 (Ind. 2013).

"A jury determination of damages is entitled to great deference when challenged on appeal." *Sears Roebuck and Co. v. Manuilov*, 742 N.E.2d 453, 462 (Ind. 2001). As our Indiana Supreme Court has explained:

> Damages are particularly a jury determination. Appellate courts will not substitute their idea of a proper damage award for that of the jury. Instead, the court will look only to the evidence and inferences therefrom which support the jury's verdict. We will not deem a verdict to be the result of improper considerations unless it cannot be explained on any other reasonable ground. Thus, if there is any evidence in the record which supports the amount of the award, even if it is variable or conflicting, the award will not be disturbed.

*Id.* (quoting *Prange v. Martin*, 629 N.E.2d 915, 922 (Ind. Ct. App. 1994), *reh'g denied*, *trans. denied* (citations omitted)). Additionally, our Supreme Court observed:

> Our inability to actually look into the minds of the jurors is, to a large extent, the reason behind the rule that we will not reverse if the award falls within the bounds of the evidence. We cannot invade the province of the jury to decide the facts and cannot reverse unless the verdict is clearly erroneous.

*Id.* (quoting *Annee v. State*, 256 Ind. 686, 690, 271 N.E.2d 711, 713 (1971), *reh'g denied*). Furthermore, "[t]he Law indulges every reasonable presumption in favor of the

challenge any of the trial court's jury instructions regarding the elements necessary to be proven by Lifeline to recover damages under its various claims.

8

legality of jury verdicts, and corrective action should only be taken when the verdict or verdicts are 'inconsistent because [of] a logical or legal impossibility.'" *Tincher v. Davidson*, 762 N.E.2d 1221, 1226 (Ind. 2002) (quoting *Indianapolis Newspapers, Inc. v. Fields*, 254 Ind. 219, 259 N.E.2d 651, 668 (1970), *cert. denied*).

Here, the jury's verdict form shows that the jury found that Momper was negligent and was at fault for fifty-five percent of the resulting damages while Lifeline was at fault for forty-five percent. Thus, the jury awarded Lifeline damages in the amount of $154,144.65. The verdict form also reveals that the jury—as indicated by its check mark—found that Momper had breached its contract with Lifeline. Lifeline contends that this check-mark on the comparative fault jury verdict form also indicates that the jury intended to award damages for the breach of contract and further contends that the jury then erroneously applied comparative fault to the amount of damages recoverable for the breach of contract. Lifeline's argument on appeal focuses on the assertion that comparative fault is not applicable to a breach of contract claim.

Lifeline's reasoning as to the jury's intentions and Lifeline's argument seeking reversal of the jury's award of damages miss the mark.[6] No one disputes the assertion that comparative fault does not apply to a breach of contract claim. *See Parke State Bank v. Akers*, 659 N.E.2d 1031, 1035 (Ind. 1995) (explaining that "Indiana does not recognize comparative causation in breach of contract claims") (citing *Fowler v. Campbell*, 612 N.E.2d 596, 602 (Ind. Ct. App. 1993)), *reh'g denied*. Indeed, the trial court specifically

---

[6] In support of its argument on appeal, Lifeline cites to two federal trial court orders that are available on Westlaw but are not reported in the F.Supp.2d.

instructed the jury that it was not to consider comparative fault when deciding whether to award damages for Lifeline's breach of contract claim.

Instead, Momper argues that Lifeline has waived any challenge to the jury's award of damages because Lifeline "did not object to the [damages] verdict before the jury was dismissed." (Momper's Br. 8) (citing *DDR Computer Serv. Bureau v. Davis*, 411 N.E.2d 722 (Ind. Ct. App. 1980)). Lifeline responds to Momper's argument by chastising Momper for stating that Lifeline did not object to the jury's damages verdict without citing to the Transcript or Appendix. Nevertheless, Lifeline then does the same thing and asserts—without citation to the record—that it objected to the damages verdict "[u]pon completion of the trial" and made an "oral motion" asking the trial court to increase the damages award to $280,263.00. (Lifeline's Reply Br. 6). Lifeline then contends that the trial court erred by denying its motion to correct error because it alleges that "the evidence presented at trial supports the jury's finding that Momper breached the parties' contract and that the total damages attributable to that breach were $280,263.00 as reflected on the Verdict Form." (Lifeline's Reply Br. 11-12).

As noted above, we do not have a transcript of the jury trial because Lifeline did not request transcription of the trial. Therefore, we have no specific information regarding the evidence presented to support the jury's damages verdict, any discussions or objections surrounding the trial court's jury instructions on damages, or the procedural events surrounding the jury's verdict awarding damages.

Lifeline's failure to submit a transcript of the jury trial is in contravention of Indiana Appellate Rule 9(F)(5), which provides that an appellant's Notice of Appeal shall

10

designate "all portions of the Transcript necessary to present fairly and decide the issues on appeal." Appellate Rule 9(F)(5) further provides that, "[i]f the appellant intends to urge on appeal that a finding of fact or conclusion thereon is unsupported by the evidence or is contrary to the evidence, the Notice of Appeal shall request a Transcript of all the evidence."

Our Indiana Supreme Court has addressed an appellant's failure to include a transcript on appeal when factual issues are presented and held that "'[a]lthough not fatal to the appeal, failure to include a transcript works a waiver of any specifications of error which depend upon the evidence.'" *In re Walker*, 665 N.E.2d 586, 588 (Ind. 1996) (quoting *Campbell v. Criterion Group*, 605 N.E.2d 150, 160 (Ind. 1992)). Because Lifeline relies on the evidence presented during the jury trial in support of its argument challenging the amount of the jury's damages verdict, we must conclude that Lifeline has waived any such damages argument and has failed to prove that the trial court abused its discretion by denying its motion to correct error. *See, e.g.*, *Ostrowski v. Everest Healthcare Indiana, Inc.*, 956 N.E.2d 1144, 1147-48 (Ind. Ct. App. 2011) (holding that appellant waived argument by failing to comply with the appellate rule requiring him to designate relevant portions of the transcript necessary to decide issue on appeal); *Fields v. Conforti*, 868 N.E.2d 507, 511 (Ind. Ct. App. 2007) (explaining that appellant's arguments that depended upon the evidence at trial were waived by appellant's failure to request a transcript of the bench trial). *See also Kocher v. Getz*, 824 N.E.2d 671, 675 (Ind. 2005) (holding that, where appellant challenged the amount of appeal bond but

11

failed to provide a transcript of the relevant hearing, appellant failed to demonstrate that the trial court abused its discretion in amount ordered).[7]

Affirmed.

KIRSCH, J., and BARNES, J., concur.

---

[7] Momper also raises an argument regarding the abolishment of special verdicts and interrogatories under Trial Rule 49 and specifically contends that the jury's determination that Momper had breached the contract was a special interrogatory and that it could not be used to overturn the jury's general verdict form on comparative fault. *See Tincher*, 762 N.E.2d at 1226 (citing *State Highway Dep't v. Snyder*, 594 N.E.2d 783 (Ind. 1992) and *Buckland v. Reed*, 629 N.E.2d 1241 (Ind. Ct. App. 1994)) (holding that a jury's verdict form on comparative fault was a general verdict and could not be "impeached by the calculation form"). Given our disposition of this appeal, we need not address this argument and will leave the matter for another day.