# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 14 2017, 9:36 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

George Sistevaris
The Law Office of George Sistevaris
Fort Wayne, Indiana

ATTORNEY FOR APPELLEE

Wm. Joseph Carlin, Jr.
Auburn, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Coventry Court Townhomes,
*Appellant,*

v.

Brittany D. Bigger,
*Appellee.*

February 14, 2017

Court of Appeals Case No.
02A04-1607-SC-1640

Appeal from the Allen Superior Court

The Honorable Thomas P. Boyer, Magistrate

Trial Court Cause No.
02D03-1511-SC-17925

**Barnes, Judge.**

# Case Summary

Coventry Court Townhomes ("Coventry") appeals the trial court's judgment in favor of an ex-tenant, Brittany Bigger. We affirm.

# Issue

The restated issue before us is whether the trial court's judgment absolving Bigger of responsibility for rent and other expenses incurred by an ex-roommate is supported by its findings.

# Facts

On August 3, 2013, Bigger and Jennifer Ledsome jointly executed a lease to reside in an apartment at the Coventry complex in Fort Wayne. The lease provided in part:

> This lease agreement shall automatically renew for successive twelve (12) month terms (1 year) unless either party gives at least 60 days prior written notice to the other at least 60 days before the end of the then current term. If Tenant intends to move at the end of the initial lease term or any subsequent term, Tenant must give Landlord at least 60 days prior written notice of tenant's intention to vacate. Tenant hereby initials acknowledging complete agreement with these terms.

App. p. 8. Bigger initialed this provision. The lease also provided that all signatories to the lease were jointly and severally liable under it.

Not long after moving in together, Bigger and Ledsome's relationship deteriorated due to Ledsome's boyfriend and drug use. At one point Ledsome

threatened Bigger with physical harm and locked her out of the apartment. In November 2013, Bigger met with a leasing agent for Coventry, Nicky Williams, and discussed the troubles she was having with Ledsome, but Coventry offered no assistance to Bigger. Bigger told Williams during this meeting that she intended to move out of the apartment. Bigger did in fact permanently move out on or about December 3, 2013, while Ledsome continued to live there.

[5] The lease automatically renewed for one year on August 31, 2014. In December 2014, Coventry filed an eviction action against Bigger and Ledsome. Bigger appeared at the eviction hearing, and she was told that Ledsome had paid the delinquent rent and the case was being dismissed. Bigger spoke with Williams on the phone shortly thereafter. Williams told Bigger that Coventry had prepared a new lease agreement to be signed only by Ledsome. However, Ledsome never signed this lease.

[6] On August 31, 2015, the lease again automatically renewed for one year. On November 9, 2015, Coventry filed a small claims eviction action against both Bigger and Ledsome after rent was unpaid for October and November 2015. The action sought damages and attorney fees for the maximum small claims amount of $6,000. Default judgment was entered against Bigger and Ledsome jointly. Bigger moved to set aside the default judgment as to her; the trial court granted that motion. Ultimately, after conducting a hearing on the matter, the trial court ruled that Bigger had no obligation under the lease with Coventry after August 31, 2015. Thus, it held that Ledsome alone was liable for $6,000

in damages to Coventry and that Bigger had no such liability. Coventry filed a motion to correct error, which the trial court denied. Coventry now appeals.

## Analysis

[7] Coventry asserts the trial court erred in finding Bigger no longer had any liability under the lease at the time Ledsome stopped paying rent. Specifically, although Coventry concedes that Bigger provided oral notice that she was vacating the apartment, Coventry argues this failed to comply with the lease's requirement that any notice to vacate had to be in writing.

[8] The trial court here entered findings with its order but no conclusions thereon. There was no written request for findings under Indiana Trial Rule 52(A) reflected in the CCS. As discussed below, we do not have a transcript of the hearing and so do not know whether such findings were requested orally. It would appear, given the lack of conclusions, that the findings were entered sua sponte.

[9] Where findings are entered with a judgment sua sponte, the findings control only as to issues those specific findings cover. *Samples v. Wilson*, 12 N.E.3d 946, 949-50 (Ind. Ct. App. 2014). A general judgment standard applies as to any issues upon which there are no findings, and we may affirm on any legal theory supported by the evidence adduced at trial. *Id.* at 950. When reviewing sua sponte findings, we review whether the evidence supports the findings and whether the findings support the judgment. *Id.* Findings will be set aside only when clearly erroneous, that is, when the record contains no facts or inferences

supporting them. *Id.* "A judgment is clearly erroneous when a review of the record leaves us with a firm conviction that a mistake has been made." *Id.*

[10] Coventry has filed neither a transcript nor a certified statement of the evidence with this court. Indiana Appellate Rule 9(F)(5) requires, in part, that an appellant must request and designate:

> all portions of the Transcript necessary to present fairly and decide the issues on appeal. If the appellant intends to urge on appeal that a finding of fact or conclusion thereon is unsupported by the evidence or is contrary to the evidence, the Notice of Appeal shall request a Transcript of all the evidence.

If an appellant fails to request and submit a transcript to this court, it results in a waiver of any claimed errors that depend upon review of the evidence. *In re Walker*, 665 N.E.2d 586, 588 (Ind. 1996); *Lifeline Youth & Family Servs., Inc. v. Installed Bldg. Prods., Inc.*, 996 N.E.2d 808, 814-15 (Ind. Ct. App. 2013).

[11] We are cognizant that the small claims hearing in this case apparently was not recorded and cannot be transcribed. In such a case, an appellant should request a certified statement of the evidence under Indiana Appellate Rule 31. Failure to do so results in waiver of any issue that requires review of the evidence or testimony presented at the hearing. *See Meisberger v. Bishop*, 15 N.E.3d 653, 659 (Ind. Ct. App. 2013). Without a transcript or certified statement of the evidence, we may only review pure questions of law. *See id.* This may include a review of whether a trial court's stated findings of fact support its judgment, accepting the findings as correct. *See Walker*, 665 N.E.2d at 589.

[12] Although the trial court here did enter findings of fact, because those findings appear to have been entered sua sponte, we cannot necessarily presume that there was not other evidence presented at trial, not mentioned in the findings, that could have supported the trial court's judgment. Regardless, we conclude the trial court's findings do support its judgment in favor of Bigger. The trial court did not specify the legal basis for its judgment; however, we may affirm on any basis supported by the findings or record. We conclude the findings support the conclusion that the lease between Bigger and Coventry was terminated by surrender and acceptance prior to Ledsome's failure to pay rent.

[13] When a lessor accepts a tenant's surrender of leased premises, the lessee will not be liable for rent accruing thereafter. *Grueninger Travel Serv. of Ft. Wayne, Indiana, Inc. v. Lake Cty. Trust Co.*, 413 N.E.2d 1034, 1038 (Ind. Ct. App. 1980). A tenant's mere act of vacating the premises and returning keys to the landlord will not suffice to constitute surrender and acceptance, particularly if the landlord "has manifested a clear intention to hold the tenant liable under its lease agreement." *Id.* A surrender and acceptance may be either express or created by operation of law. *Id.* An express surrender and acceptance generally must be in writing between the parties and supported by consideration. *Id.* "A surrender will arise by operation of law when the parties to a lease do some act so inconsistent with the subsisting relation of landlord and tenant as to imply they have both agreed to consider the surrender as effectual." *Id.* "To constitute a surrender by operation of law, there must be some decisive, unequivocal act by the landlord which manifests the lessor's acceptance of the

surrender." *Id.* Whether there has been a surrender and acceptance by operation of law is dependent on the facts and circumstances of each case. *Id.*

[14] Here, in 2013, Bigger informed a representative of Coventry—Williams—of the difficulties she was having with Ledsome. After Coventry offered no assistance to Bigger in resolving those difficulties, she informed Williams of her intent to vacate the premises, and she did in fact do so shortly thereafter. Coventry did seek to hold Bigger liable in an eviction action filed over a year later in December 2014 and, thus, at that time Coventry may not have yet accepted Bigger's surrender of the premises. After that eviction action was resolved, however, Bigger again spoke with Williams; Williams then informed Bigger that Coventry had prepared a lease of the apartment for Ledsome only to sign. This action indicated Coventry's acceptance of the fact that Bigger had vacated and surrendered the premises and manifested Coventry's intention that Bigger would no longer be bound by the lease. The fact that Ledsome never did sign this new lease was beyond Bigger's control. At the time Ledsome began failing to pay rent in October and November 2015, there had been, by operation of law, a surrender of the premises by Bigger and acceptance of that surrender by Coventry. As such, the trial court correctly concluded Bigger was not liable for that unpaid rent or otherwise obligated under the lease.

[15] Bigger argues several alternative legal theories for affirming the trial court's judgment, such as reformation, waiver, or constructive eviction. We need not delve into those alternative theories. Additionally, we emphasize that to the extent there are any doubts as to whether there is a sufficient factual basis to

support the trial court's judgment, any such doubt must be resolved against Coventry given its failure to provide this court with an evidentiary record to review.

## Conclusion

[16] The trial court's findings sufficiently establish that Bigger surrendered Coventry's premises and that Coventry accepted that surrender before Ledsome breached the lease. Even if the findings did not support that particular legal theory, Coventry's failure to provide this court with an evidentiary record to review precludes our reversal of the judgment in Bigger's favor. We affirm.

[17] Affirmed.

Kirsch, J., and Robb, J., concur.