## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 14 2018, 8:57 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

John A. Goodridge
Evansville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Abigail R. Recker
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

In the Matter of the Involuntary Termination of the Parent-Child Relationship of:

E.J. and J.J. (Minor Children),

and

L.J. (Father),

*Appellant-Respondent,*

v.

The Indiana Department of Child Services,

*Appellee-Petitioner.*

December 14, 2018

Court of Appeals Case No. 18A-JT-1629

Appeal from the Vanderburgh Superior Court

The Honorable Brett J. Niemeier, Judge

Trial Court Cause Nos. 82D04-1612-JT-2148 & 82D04-1612-JT-2147

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Respondent, L.G. (Father), appeals from the trial court's denial of his motion for relief from judgment.

We affirm.

# ISSUE

Father presents one issue on appeal, which we restate as: Whether the trial court abused its discretion when it denied his motion for relief from judgment under Indiana Trial Rule 60(B).

# FACTS AND PROCEDURAL HISTORY

On December 6, 2016, the Department of Child Services (DCS) filed separate petitions to terminate the parental rights (TPR) of Father to his minor children, E.J. and J.J. On January 6, 2017, DCS filed requests to serve Father notice of the TPR hearing date and time by publication. DCS also filed an affidavit of diligent inquiry for Father in which it averred that it had no information as Father's last-known address and detailing the various methods it had undertaken to locate Father. On January 6, 2017, the trial court granted DCS's request to serve its notification of the date and time for the TPR hearing by publication. Notices of the TPR hearing were published in an Evansville, Indiana, newspaper on January 22, 2017; January 29, 2017; and February 5, 2017. On March 23, 2017, DCS filed proof of service of these notices with the

trial court at the TPR hearing. Father did not appear at the TPR hearing, and the trial court terminated his parental rights.

[5] The trial court received Father's first correspondence on May 3, 2017. After additional correspondence was received from Father, the trial court referred the matter to the Public Defender's Office, which initially declined to represent Father. Father continued to send the trial court correspondence. On December 8, 2017, the trial court noted in its docket that Father "made allegations which should be addressed by this [c]ourt." (Appellant's App. Vol. II, p. 5). The trial court appointed Father a public defender and scheduled a hearing for December 8, 2017.

[6] On January 25, 2018, Father filed a motion for relief from judgment in which he argued that

> Father has shown sufficient mistake, surprise, and/or excusable neglect or fraud, and that the effect of the Judgment, i.e., the termination of his parental rights to his child, is severe enough that justice dictates that Relief from Judgment should be granted, trial counsel reappointed, and a new trial date set.

(Appellant's App. Vol. II, p. 87). On May 17, 2018, the trial court held a hearing on Father's motion at which Father appeared in person and by counsel. On June 13, 2018, the trial court held a second hearing to deliver its ruling denying Father's motion. On June 13, 2018, the trial court also issued its written order denying Father's motion in which it found that, during a prior CHINs proceeding, Father, who was represented by counsel at the time, had

been advised of his parental rights and the consequences of those rights being terminated. The trial court made the following additional relevant findings:

10. On 3-23-17, in 82D04-1612-JT-2147, the father's parental rights were terminated after the DCS properly served the father by publication.

11. On 5-3-17, after all deadlines had [passed], the court received its first letter from the father.

12. On 9-8-17, the court recalled the father's writ in the CHINS case.

13. The father on several occasions did not inform the FCM of his change of address and phone number as ordered by the court.

14. The father did not keep in contact with his attorney from 12-16-15 to 3-23-16, which caused his attorney to withdraw.

l5. After 5-4-16, the father did not keep in contact with the court, by mail or otherwise, until his cases had been closed.

16. The father knew how to contact authorities who were involved with his child, but failed to do so except for a rare phone call.

17. The DCS completed a diligent inquiry trying to find the father prior to his rights being terminated. The FCM searched more than which is required by law in attempting to locate the father.

18. The father was not compliant with DCS services, so the FCM had no reason to lie in her testimony, especially since the termination case was exceptionally strong.

19. The father's testimony was disjointed, self-serving and had no collaborative evidence to support it.

20. The father used different addresses in the past, but not his mother's, as shown by his infraction case and his own testimony during the CHINS case.

21. The child was adopted on 8-31-17 and has been out of the care of both biological parents for over half of the child's life.

22. Even though the father loves his child the court, CASA and the DCS all believed that it was in the best interest of the child to have been adopted.

23. The court continues to believe that it is in the best interest of the child to remain adopted.

24. The court believes that the father's probability of winning a termination case or contested adoption is extremely unlikely.

25. The court does not find any valid legal or equitable reason for the termination case, and thus the adoption, to be reopened. This father was properly served and knew from day one what was at stake, but for whatever reason did not do what was necessary to keep his rights and the court and other parties informed of his whereabouts.

(Appellant's App. Vol. II, pp. 91-92).

Father now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

Father appeals from the trial court's denial of his motion for relief from judgment pursuant to Indiana Trial Rule 60(B), a claim which we generally review for an abuse of the trial court's discretion. *Waterfield v. Waterfield*, 61 N.E.3d 314, 323 (Ind. Ct. App. 2016), *trans. denied*. A trial court ruling on such a motion must balance the need for an efficient judicial system with the judicial preference for deciding disputes on the merits. *Id*. We will not find an abuse of discretion unless the trial court's decision is clearly against the logic and effect of the facts and circumstances before it or is contrary to law. *Id*.

We begin by noting that, in his notice of appeal and amended notice of appeal, Father did not request that the court reporter transcribe the May 17, 2018, hearing on the merits of his motion for relief from judgment. On appeal, Father claims, without citation to the record, that he was incarcerated in Kentucky at the time of the TPR hearing, the trial court was informed of his incarceration, and the trial court knew that service of notice of the date and time of the TPR hearing by publication would not be received by Father. Father also asserts that he proved at the evidentiary hearing that he had a meritorious defense to the TPR proceedings.

Resolution of Father's claims requires consideration of factual matters such as the dates of his alleged incarceration, what, if anything, the trial court was informed regarding that incarceration, and the details of Father's meritorious

defense. "It is well settled that the duty of presenting a record adequate for intelligent appellate review on points assigned as error falls upon the appellant, as does the obligation to support the argument presented with authority and references to the record pursuant to [Indiana Appellate Rule] 46(A)(8)." *AutoXchange.com, Inc. v. Dreyer & Reinbold, Inc.*, 816 N.E.2d 40, 44 (Ind. Ct. App. 2004). Although the failure to include the transcript in the record on appeal is not automatically fatal, failure to provide the transcript does result in the waiver of any specifications of error which depend on the evidence presented. *In re Walker*, 665 N.E.2d 586, 588 (Ind. 1996).

[11] Father's Statement of Facts as presented in his appellate brief consists almost entirely of a direct recitation of the trial court's June 13, 2018, written order denying him relief, none of which supports the factual underpinnings of his arguments. Father also cites to letters he sent the trial court during the pendency of this matter, but without a transcript of the evidence, we cannot conclude that these were properly before the trial court through admission into the evidence or judicial notice. Because Father failed to provide us with a transcript of the May 17, 2018, hearing, our review of Father's factual claims is effectively precluded, and those claims are, therefore, waived. *Id.*

[12] Father also argues on appeal that the trial court failed to act on his *pro se* requests for information about his children, the status of his CHINS case, and his expressed desire to contest the TPR and adoption proceedings, which he claims constituted a due process violation. Father did not specifically raise this due process issue in his motion for relief from judgment, and, without a

transcript of the evidence, we are unable to discern whether it was raised at the May 17, 2018, hearing. What is more, although this argument seems to present more of a legal issue than his other claims, Father utterly fails to support this argument with any citation to legal authority. "A party waives any issue for which it fails to develop a cogent argument or support with adequate citation to authority." *Zoller v. Zoller*, 858 N.E.2d 124, 127 (Ind. Ct. App. 2006). Therefore, we find that Father has also waived this claim for our review. *Id*.

[13] His waiver notwithstanding, we are unaware of any authority for Father's apparent proposition that the trial court had a duty to respond to inquiries regarding children to whom Father no longer had any parental rights. We also note that the trial court did apparently respond to some of Father's correspondence and ultimately appointed him legal counsel so that he could pursue his motion for relief from judgment. Finding that Father has waived his claims for our review, we affirm the trial court's denial of Father's motion for relief from judgment.

# CONCLUSION

[14] Based on the foregoing, we conclude that Father has waived his claims for our review by failing to provide us with an adequate record and citation to legal authority.

[15] Affirmed.

[16] Kirsch, J. and Robb, J. concur