## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 15 2019, 7:58 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cassandra A. Kruse
Emswiller, Williams, Noland &
Clarke, LLC
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Alexandra M. Curlin
Curlin & Clay Law Assn. of Attys.
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Ashley M. Obando (Coffey), <br> *Appellant-Petitioner,* <br><br> v. <br><br> Michael A. Coffey, <br> *Appellee-Respondent* | July 15, 2019 <br><br> Court of Appeals Case No. <br> 19A-DC-534 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable James A. Joven, Judge <br> The Honorable Kimberly D. Mattingly, Magistrate <br><br> Trial Court Cause No. <br> 49D13-1709-DC-33633 |

**Baker, Judge.**

[1] Ashley Obando (Mother) and Michael Coffey (Father) share custody of their two children. Mother appeals the trial court's order denying her petition to modify custody, arguing that the trial court erred by finding that Mother did not meet her burden of showing a substantial and continuing change in circumstances to warrant a custody modification. Mother also argues that the trial court erred in its allocation of expenses for a custody and parenting time evaluation and by not finding Father in contempt of court. However, Mother failed to submit a complete record on appeal, and as a result, we cannot say that the trial court erred in its findings or in its allocation of expenses. Accordingly, we affirm.

[2] In 2013, Mother and Father dissolved their marriage in Hawaii. The parties were awarded joint legal custody and Father was awarded physical custody. In 2015, Mother filed a petition to modify custody in Missouri; she was awarded temporary physical custody of the children while Father was deployed on active duty with the Marines Corps. At some point, Mother moved to Indiana. Father returned from deployment and resides in North Carolina, where he is stationed. In 2017, this matter was transferred to Indiana under the Uniform Child Custody Jurisdiction and Enforcement Act.[1]

[3] On October 24, 2017, the trial court ordered Mother and Father to undergo a custody and parenting time evaluation with a psychologist; the trial court

---

[1] Ind. Code ch. 31-21-1.

ordered Mother to pay the psychologist's fees. On November 30, 2017, Mother filed an emergency motion for temporary modification of custody and parenting time and motion for rule to show cause. On February 5, 2018, Mother filed a motion for rule to show cause and to compel regarding Father's compliance with the custody and parenting time evaluation. The following day, Father filed a motion to reconsider, requesting that the trial court order Mother to pay his travel costs associated with the evaluation and a motion in response to Mother's motion for rule to show cause and compel. On February 12, 2018, the trial court ordered Mother to pay for Father's travel costs associated with the evaluation. A hearing took place on August 27 and November 5, 2018. On March 13, 2019, the trial court denied Mother's petition to modify custody.[2] Mother now appeals.

[4] Father argues that Mother has waived her right to appellate review by failing to submit the transcript of the hearings. Although we strongly prefer to decide a custody case on the merits, here, we are compelled to agree that, because of the incomplete record, we are unable to review the issues on the merits and they are, therefore, waived.

[5] Indiana Appellate Rule 9 governs the initiation of an appeal. Rule 9(F)(5) mandates a notice of an appeal to include a request for a transcript. Specifically, the rule requires

---

[2] The record on appeal includes only the e-notice of the order, not the official order.

[a] designation of all portions of the Transcript necessary to present fairly and decide the issues on appeal. If the appellant intends to urge on appeal that a finding of fact or conclusion thereon is unsupported by the evidence or is contrary to the evidence, the Notice of Appeal *shall* request a Transcript of all the evidence.

App. R. 9(F)(5) (emphasis added).

[6] Mother's arguments depend upon the evidence presented during the hearing, yet she did not include the transcript of the hearing in the appellate record.[3] Our Supreme Court has stated that "failure to include a transcript works a waiver of any specifications of error which depend upon the evidence." *See In re Walker*, 665 N.E.2d 586, 588 (Ind. 1996). Further, "the dismissal of an appeal is proper where an appellant fails to file a record demonstrating any of the errors alleged in the appeal." *Id.* at 589 n.2. We have no choice but to find that Mother has waived these issues on appeal.

[7] We urge Mother's counsel to review the appellant's burden on appeal. In her reply brief, Mother asserts several times that Father was able to request a transcript and that the appellate rules "do not place a singular requirement that an appellant request an entire transcript as a prerequisite to bring issues before the Court on appeal." Reply Br. p. 5. But Mother, not Father, is the appellant

---

[3] On June 4, 2019, after the filing of the briefs, the Clerk of this Court requested the transcript be submitted within ten business days. Mother did not submit a transcript.

Additionally, Mother relies on the fact that she included her exhibits in the record on appeal, but without the transcript of the hearing, we cannot contextualize these exhibits within this case.

in this case, and "[i]t is a cardinal rule of appellate review that the *appellant* bears the burden of showing reversible error by the record, as all presumptions are in favor of the trial court's judgment." *Marion-Adams Sch. Corp. v. Boone*, 840 N.E.2d 462, 468 (Ind. Ct. App. 2006) (emphasis added). By not including the transcript in the appellate record, Mother is unable to meet her burden of showing reversible error in the record. Accordingly, we cannot find that the trial court committed any error.

[8] The judgment of the trial court is affirmed.

Najam, J., and Robb, J., concur.