FILED

Jan 24 2024, 9:04 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT

Caryn E. Wallace
Chrzan Law, LLC
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Emily A. Szczepkowski
Franklin Law, LLC
Fort Wayne, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

In Re: the Visitation of: C.B.

Terri Welbaum,

*Appellant-Petitioner,*

v.

Courtney Bowser,

*Appellee-Respondent,*

and

Grant Bockelman,

*Appellee-Intervenor*

January 24, 2024

Court of Appeals Case No.
23A-MI-1586

Appeal from the Allen Superior
Court

The Honorable Lori Morgan,
Judge
The Honorable Beth Webber,
Magistrate

Trial Court Cause No.
02D08-2110-MI-000871

**Opinion by Judge May**
Judges Bailey and Felix concur.

**May, Judge.**

[1] Terri Welbaum ("Grandmother") appeals the trial court's denial of her motion to correct error following the dismissal for lack of standing of her petition for grandparent visitation with C.B. ("Child"). Grandmother argues she had standing to pursue grandparent visitation based on the plain language of Indiana Code chapter 31-17-5, otherwise known as the Grandparent Visitation Act ("GVA"). We reverse and remand.

## Facts and Procedural History

[2] Child was born on April 21, 2014, to Courtney Bowser ("Mother") and Grant Bockelman ("Father"). Mother and Father were never married. Father established paternity of Child approximately one year after her birth. Mother is Child's custodial parent. Grandmother is Mother's mother.

[3] Mother and Child lived with Grandmother during the first year of Child's life, and Grandmother provided in-home care for Child from September 2014 to May 2019. Starting in May 2019, Mother began restricting the amount of time Grandmother spent with Child. Mother eventually allowed Grandmother to visit with Child only with Mother's supervision. In December 2020, Mother began completely denying Grandmother visitation with Child, and Grandmother has not seen Child since.

[4] On October 11, 2021, Grandmother filed a petition for grandparent visitation with Child. She argued grandparent visitation was in Child's best interests because Mother had mental illness that made her an unfit parent and because

Grandmother and Child have a close relationship. On December 15, 2021, the trial court ordered, among other things, the parties to engage in mediation.

[5] On April 7, 2022, Grandmother filed a motion for temporary supervised grandparent visitation. The trial court held a hearing on the matter on May 6, 2022, and scheduled a follow-up hearing for May 27, 2022. However, the trial court later vacated the May 27 hearing because Mother and Grandmother had reached an agreement.

[6] On October 7, 2022, Father filed a motion to intervene. On October 25, 2022, the trial court granted Father's motion to intervene. On December 2, 2022, Mother and Father filed a joint motion to dismiss Grandmother's request for visitation with prejudice. Therein, they argued Grandmother did not have standing to pursue visitation pursuant to the GVA. On the same day, Mother and Father filed a joint motion to dismiss Grandmother's request for temporary supervised grandparent visitation in which they made the same standing argument.

[7] On January 6, 2023, the trial court held a hearing on the motions for dismissal filed by Mother and Father. On February 1, 2023, the trial court issued its order in which it determined Grandmother did not have standing to pursue grandparent visitation because she was the parent of Mother, who was Child's custodial parent. It accordingly dismissed Grandmother's petition for grandparent visitation.

On March 3, 2023, Grandmother filed a motion to correct error. The trial court held a hearing on Grandmother's motion to correct error on May 19, 2023. On June 13, 2023, the trial court denied Grandmother's motion to correct errors.

## Discussion and Decision

We review a trial court's denial of a motion to correct error for an abuse of discretion, reversing only when the ruling is clearly against the logic and effect of the facts and circumstances before the court or when the trial court has erred as a matter of law. *Perkinson v. Perkinson*, 989 N.E.2d 758, 761 (Ind. 2013). We also consider the standard of review for the underlying ruling. *See B.A. v. D.D.*, 189 N.E.3d 611, 614 (Ind. Ct. App. 2022), *trans. denied*. Here, the underlying order is the trial court's order dismissing Grandmother's petition for Grandparent visitation based on lack of standing. We review de novo a trial court's decision dismissing a case for lack of standing. *Pflugh v. Indianapolis Hist. Pres. Comm'n*, 108 N.E.3d 904, 908 (Ind. Ct. App. 2018), *trans. denied*. "Standing is a judicial doctrine that focuses on whether the complaining party is the proper party to invoke the trial court's jurisdiction." *Liberty Landowners Assoc., Inc. v. Porter Cnty. Comm'rs*, 913 N.E.2d 1245, 1250 (Ind. Ct. App. 2009), *trans. denied*.

The trial court's dismissal of Grandmother's petition is based on its interpretation of the GVA. Grandmother asserts the current version of the GVA, Indiana Code chapter 31-17-5 et seq., does not prohibit a parent of a custodial parent from seeking grandparent visitation and, thus, she has standing

to pursue visitation with Child. Interpretation of a statute is a pure question of law that we review de novo. *Jones v. Lofton*, 201 N.E.3d 676, 678 (Ind. Ct. App. 2022), *trans. denied*. Our goal when interpreting a statute is to give effect to the legislature's intent, and the best evidence of that intent is the language of the statute itself. *Id*. If a statute is unambiguous, we must give the statute its clear and plain meaning. *Id*. A statute is not necessarily ambiguous just because the parties disagree about the statute's meaning. *Southwest Allen Cnty. Fire Protection Dist. v. City of Fort Wayne*, 142 N.E.3d 946, 954 (Ind. Ct. App. 2020), *trans. denied*.

[11] Prior to 1993, the statute regarding grandparent visitation stated, in relevant part:

> (a) A court may not grant visitation under this chapter after May 8, 1989, to a grandparent who is the parent of a person:
>
>> (1) who is not deceased; and
>>
>> (2) who has been awarded custody of the grandchild.
>
> (b) A child's maternal grandparent may seek visitation rights, regardless of whether the paternity of the child has been established, if:
>
>> (1) the child's mother is deceased;
>>
>> (2) the marriage of the child's parents has been dissolved in Indiana; or

(3) the child was born out of wedlock.

(c) A child's paternal grandparent may seek visitation rights if:

(1) the child's father is deceased;

(2) the marriage of the child's parents has been dissolved in Indiana; or

(3) the child was born out of wedlock and the paternity of the child has been established in the son of the grandparent.

Ind. Code § 31-1-11.7-2 (1992). In 1993, the Indiana Legislature amended that statute by removing subsection (a). In 1997, the Indiana Legislature repealed Indiana Code section 31-1-11.7-2 (1993) and recodified it, with virtually identical language, as Indiana Code section 31-17-5-1, which provides:

(a) A child's grandparent may seek visitation rights if:

(1) the child's parent is deceased;

(2) the marriage of the child's parents has been dissolved in Indiana; or

(3) subject to subsection (b), the child was born out of wedlock.

(b) A court may not grant visitation rights to a paternal grandparent of a child who is born out of wedlock under

subsection (a)(3) if the child's father has not established paternity in relation to the child.

Grandmother contends the Legislature's 1993 amendment of Indiana Code section 31-1-11.7-2, which removed "a provision that barred custodial grandparents from seeking grandparent visitation[,]" indicates the Legislature's intent to allow the parent of a custodial parent to seek grandparent visitation. (Br. of Appellant at 10.) As a result, Grandmother claims, under the current language of the statute, she has standing to pursue grandparent visitation with Child.

[12] We recently examined this issue in *Stoner v. Stoner*, 223 N.E.3d 278 (Ind. Ct. App. 2023). In that case, the grandfather sought to establish grandparent visitation with his grandson pursuant to the GVA. *Id*. at 279. The grandson's parents shared physical and legal custody of him. *Id*. The trial court found, based on *In re Matter of E.H.*, 121 N.E.3d 594 (Ind. Ct. App. 2019), that the grandfather, as the parent of one of grandson's custodial parents, did not have standing to pursue grandparent visitation. *Id*. at 280.

[13] The grandfather appealed and argued *In re Matter of E.H.* relied upon case law decided prior to the 1993 amendment to the GVA, which removed language regarding the parent of the custodial parent's inability to pursue grandparent visitation, and "'[n]o longer does the GVA make any kind of distinction between custodial parent and noncustodial parent." *Id*. at 280. We outlined the evolution of the GVA, including the 1993 amendment that "eliminat[ed] the language precluding a court from granting visitation to a grandparent who is

the parent of a person who has been awarded custody of the grandchild." *Id*. at 281. Based thereon, we concluded Indiana Code section 31-17-5-1, the current version of the GVA, "does not preclude a grandparent from seeking visitation with a child where the custodian of the child is the grandparent's child." *Id*. at 282.

[14] Here, Grandmother is the parent of Mother, who is the custodial parent of Child. As stated in *Stoner*, Indiana Code section 31-17-5-1 does not preclude Grandmother from pursuing grandparent visitation with Child. Therefore, the trial court erred when it dismissed Grandmother's petition for grandparent visitation with Child based on her alleged lack of standing. *See, e.g.*, *Moses v. Cober*, 641 N.E.2d 668, 671 (Ind. Ct. App. 1994) (noting the 1993 amendment of the GVA "reflects [the legislature's] purpose to protect a grandparent whose child, as the custodial parent, was denying visitation with a grandchild due to conflict between grandparent and child") (abrogated on other grounds by *Daugherty v. Ritter*, 652 N.E.2d 502, 503 (Ind. 1995) (*Moses* determined merits of visitation claim by focusing on relationship between grandmother and granddaughter, while ignoring evidence of conflict between grandmother and her daughter, and *Daugherty* held trial courts should instead consider the totality of the circumstances between the grandparent, parent, and child when determining whether grandparent visitation is in child's best interests).

## Conclusion

Because Grandmother is not precluded by the GVA from seeking visitation with Child, the trial court erred when it dismissed Grandmother's petition for grandparent visitation based on her alleged lack of standing. Accordingly, we reverse the trial court's order and remand for proceedings consistent with this opinion.

Reversed and remanded.

Bailey, J., and Felix, J., concur.